**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

STEVEN BIRO,

        Plaintiff,

v.                                    Case No. 6:13-cv-457-Orl-37DAB

CP VENTURE FIVE-AV, LLC,

        Defendant.

## ORDER

This cause is before the Court on the following:

1. Plaintiff's First Amended Complaint (Doc. 17), filed May 28, 2013;

2. Defendant's Dispositive Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 26), filed June 14, 2013; and

3. Plaintiff's Response in Opposition to Defendant's Dispositive Motion to Dismiss (Doc. 29), filed June 25, 2013.

Upon consideration, Defendant's Dispositive Motion to Dismiss (Doc. 26) is due to be granted and Plaintiff's First Amended Complaint (Doc. 17) is due to be dismissed without prejudice.

## BACKGROUND

This Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181 *et seq.*, claim involves the parking policies of a shopping center in Melbourne, Florida. (Doc. 17.) Plaintiff is a former employee of a Jos. A. Bank clothing store located in The Avenue Viera shopping center. (Id. ¶ 12.) He suffers from "severe disk herniations" and has been considered an individual with disabilities under the ADA since 1995. (*Id.* ¶ 7.)

Defendant owns the shopping center and leased retail space to the Jos. A. Bank store during Plaintiff's employment. (*Id.* ¶ 7; Doc. 26, p. 1.) Plaintiff seeks declaratory and injunctive relief, alleging that the parking policies violate the ADA. (*See* Doc. 17, ¶¶ 20–31.)

Plaintiff worked at the Jos. A. Bank store in Defendant's shopping center from December 15, 2011, to October 16, 2012. (*Id.* ¶ 12.) During this time, Defendant provided "accessible" parking spaces at the shopping center, and some of those spaces were located in front of the Jos. A. Bank store. (*Id.*) Plaintiff does not take issue with either the number or location of the accessible spaces. Rather, he contends that,

> [f]or reasons unknown to [Plaintiff], [Defendant] directed its agents, security guards employed either by [Defendant] or its property management company, to repeatedly harass [Plaintiff] over his use of the accessible parking spaces and to order him to instead park in regular, non-accessible spaces which were remote in location from the Jos. A. Bank Store.

(*Id.* ¶ 14.) Plaintiff further alleges that, despite having advised the security guards of his disability and his entitlement to park in the accessible spaces, the guards continued to direct him to park elsewhere. (*Id.* ¶ 15.) They also asked Jos. A. Bank management to forbid Plaintiff from parking in the storefront accessible spaces. (*Id.* ¶¶ 14–15.)

Plaintiff is no longer employed with Jos. A. Bank, but he desires to visit the shopping center in the future as a customer. (*Id.* ¶ 17.) However, Plaintiff contends that the actions of Defendant and its security guards amount to discrimination under Section 12182 of the ADA (*id.* ¶¶ 21–25), and he will not return to the shopping center until Defendant modifies its policies, practices, and procedures to come into compliance with the ADA (*id.* ¶¶ 26–28). Plaintiff seeks a declaration that Defendant is in violation of the ADA and requests an injunction requiring Defendant to modify its current policies and

practices. (*Id.* at p. 7.)

Defendant moves to dismiss Plaintiff's First Amended Complaint, arguing that Plaintiff lacks standing and fails to state a claim. (Doc. 26) Plaintiff opposes. (Doc. 29.) This matter is now ripe for the Court's adjudication.

## STANDARDS

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted). The Court accepts the veracity of well-pleaded factual allegations—"factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"—but disregards mere legal conclusions. *See id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

A plaintiff invoking federal jurisdiction bears the burden of establishing standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). Standing requires three elements:

> First, the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is (a) concrete and particularized and (b) "actual or imminent, not 'conjectural' or 'hypothetical.'" Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be "fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court." Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

*Id.* at 560–61 (citations omitted). Additionally, "[b]ecause injunctions regulate future conduct, a party has standing to seek injunctive relief only if the party alleges . . . a real and immediate—as opposed to a merely conjectural or hypothetical—threat of *future*

3

injury." *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001). In ADA discrimination cases, "courts have held that a plaintiff lacks standing to seek injunctive relief unless he alleges facts giving rise to an inference that he will suffer future discrimination by the defendant." *Id.*

In the context of a motion to dismiss, courts "must evaluate standing based on the facts alleged in the complaint." *Id.* However, "a federal court should not speculate concerning the existence of standing or 'piece together support for the plaintiff.'" *Cone Corp. v. Florida Dep't of Transp.*, 921 F.2d 1190, 1210 (11th Cir. 1991) (citation omitted).

## DISCUSSION

### I. Standing

Defendant argues that Plaintiff lacks standing because he fails to allege facts from which the Court can infer a danger of future discrimination. (Doc. 26, p. 10.) The Court agrees. The bulk of Plaintiff's allegations of ongoing discrimination parrot the language of various ADA provisions and lack factual support. For example, Plaintiff contends that

> [Defendant] continues to discriminate against [Plaintiff], and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities;[1] and by failing to take such efforts that may be necessary to ensure that no individual with a

---

[1] This allegation is drawn directly from 42 U.S.C. § 12182(b)(2)(A)(ii).

4

> disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.[2]

(Doc. 17, ¶ 26.) These contentions amount to conclusory recitals of elements of the cause of action, and the Court must accordingly disregard them when evaluating standing. *See Iqbal*, 556 U.S. at 678.

After disposing of bare legal conclusions, the remainder of the Amended Complaint consists of factual allegations of past exposure to illegal conduct—namely, that Defendant's security guards "harassed" Plaintiff when he tried to park in the shopping center's accessible parking spaces. (Doc. 17, ¶¶ 14–16.) However, "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." *City of L.A. v. Lyons*, 461 U.S. 95, 102 (1983).

Plaintiff, argues that Defendant's past instances of discrimination are themselves evidence of continuing and present adverse effects—they tend to prove that the shopping center management routinely enforces discriminatory parking policies. (*See* Doc. 29, p. 4.) However, to establish standing, Plaintiff must do more than allege that the Defendant employs discriminatory parking policies; he must demonstrate a personal stake in the outcome of the case by alleging that those policies subject him to a real and immediate threat of future injury. *See Shotz*, 256 F.3d at 1081. Thus, even assuming that the Defendant continues to employ discriminatory parking policies, the prospect of Plaintiff incurring a future injury rests on the likelihood that he will again be exposed to those policies. *See Lyons*, 461 U.S. at 103. For the Court to determine the likelihood of

---

[2] Likewise, this allegation is drawn directly from 42 U.S.C. § 12182(b)(2)(A)(iii).

5

future exposure, the Court needs to evaluate the content of the allegedly discriminatory policies. *See id.* at 110 (evaluating whether a police chokehold policy would likely expose a plaintiff to future harm by reviewing the terms of the challenged policy). However, Plaintiff never actually alleges the content of Defendant's policies. To the contrary, Plaintiff acknowledges that Defendant directed its agents to harass him "[f]or reasons unknown . . . ." (Doc. 4, ¶ 14.) Without more, the Court declines to piece together support for Plaintiff's standing argument based solely on past injury or speculation. *See Cone Corp.*, 921 F.2d at 1210.

Thus, as pled, the First Amended Complaint does not contain sufficient factual information for the Court to infer that Plaintiff is subject to the requisite future harm. Moreover, without knowing the content of the challenged policies, the Court cannot determine whether there is a causal connection between Plaintiff's injury and the policies' enforcement or even whether the Court could redress Plaintiff's injuries. *See Lujan*, 504 U.S. at 560–61 (requiring a showing of injury-in-fact, causation, and redressability to establish standing). In short, Plaintiff has failed to plead facts sufficient to establish standing, and therefore the Amended Complaint is due to be dismissed without prejudice for want of subject-matter jurisdiction.[3]

---

[3] The Court notes that, while the First Amended Complaint is due to be dismissed for lack of standing, it is likewise subject to dismissal for failing to state a claim under Federal Rule of Civil Procedure 12(b)(6). To state a claim under Subchapter III of the ADA, Plaintiff must plead facts sufficient to establish that the Defendant discriminated against Plaintiff on the basis of Plaintiff's disability. *See* 42 U.S.C. § 12182(a). At the pleading stage, this causation requirement is similar to the causation showing required for standing and, as addressed above, Defendant allegedly discriminated against Plaintiff "[f]or reasons unknown to [Plaintiff]." (Doc. 4, ¶ 14.) Without more, Plaintiff fails to plead factual allegations sufficient to allow the Court to draw the inference of an ADA violation. *See Iqbal*, 556 U.S. at 678.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Defendant's Dispositive Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 26) is **GRANTED**.

2. The First Amended Complaint (Doc. 17) is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

3. On or before October 14, 2013, Plaintiff may file an amended pleading containing factual allegations sufficient to establish standing.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on September 27, 2013.

*[signature]*
ROY B. DALTON JR.
United States District Judge

Copies:
Counsel of Record